IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr203

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| ERIC GILES (1) | ) | |
| | ) | |

**THIS MATTER** is before the Court on the motion of the defendant for a new trial (Doc. No. 201) and the government's response (Doc. No. 212).

The defendant is awaiting sentencing following a jury verdict finding him guilty of offenses relating to a marijuana distribution conspiracy and possessing firearms after being convicted of a felony. (Doc. No. 159: Jury Verdict). In the motion, the defendant asserts that a California court document appears to show that his prior felony was reduced to a misdemeanor. (Doc. No. 201: Motion at ¶ 2). The government responds with a declaration from a California court official who confirmed that no motion to reduce was filed in the defendant's case; thus, a crossed out entry regarding such reduction was correction of a human error. (Doc. No. 212: Declaration of Sandra L. Grant).

To receive a new trial based on newly discovered evidence under Fed. R. Crim. P. 33, a defendant must demonstrate: (1) the evidence is newly discovered; (2) he has been diligent in uncovering it; (3) it is not merely cumulative or impeaching; (4) it is material to the issues involved; and (5) it would probably produce an acquittal. United States v. Lighty, 616 F.3d 321, 374 (4th Cir. 2010). Such relief is awarded sparingly because "a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." United States v. Wilson, 624 F.3d 640, 660 (4th Cir. 2010) (internal citations and quotation marks omitted).

Here, the Court finds that the defendant has not been diligent in uncovering the proffered evidence. The California court document is from 1998. (Doc. No. 201: Exhibit 1 at 9). The government put the defendant on notice that his status as a felon would be at issue in the trial with the addition of the firearms counts in June 2010. (Doc. No. 94: Third Superseding Indictment at 12). The only conviction at issue is the defendant's 1991 assault with great bodily injury. (Doc. No. 180: Gov't Exhibit 19). When the judgment was offered in evidence, the defendant objected on the basis of a California statute that allows some crimes to be classified as felonies or misdemeanors. The government anticipated the objection and had prepared a memorandum on the status of the prior offense. (Doc. No. 156). The motion for new trial does not detail any reason why the defendant did not present the California court document when this issue was litigated during the trial; thus, its submission over eight months later does not satisfy the requirement that the defendant diligently discover proffered new evidence.

Additionally, the document presented by the defendant would not likely alter the verdict if introduced at a new trial. The minute record of California proceedings shows that on September 4, 1998, the court granted the probation officer's request to dismiss a violation petition and terminate probation. (Doc. No. 201: Exhibit 1 at 9; Doc. No. 212: Declaration of Sandra L. Grant at ¶ 3). Although no motion to reduce had been filed, the next entry is stamped "17(b) REDUCE FELONY TO MISD," but is crossed out in ink. (Id.). A co-defendant had filed a motion to reduce to a misdemeanor; thus, the court's operations supervisor reasonably and credibly concluded that the defendant's paperwork was stamped in error and crossed out to correct it. (Doc. No. 212: Declaration of Sandra L. Grant at ¶ 4, 5).

The determination of whether a prior conviction qualifies as a felony for purposes of 18 U.S.C. § 922(g)(1) is a question of law determined by the Court. United States v. Hayes, 961

F.2d 50, 51 (4th Cir. 1992). Nothing in the defendant's new exhibit leads the Court to change its ruling during the trial that the California conviction is a felony. Even if submitted to a jury in a new trial, the result would likely be the same. Therefore, the Court finds that the information presented does not weigh heavily against the verdict and would probably not produce an acquittal at a new trial.

**IT IS, THEREFORE, ORDERED,** that the defendant's Motion for a New Trial (Doc. No. 201) is DENIED.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney.

Signed: August 15, 2011

Robert J. Conrad, Jr.
Chief United States District Judge